Filed 2/19/21  P. v. Binkier CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESSE RYAN BINKIER,<br><br>    Defendant and Appellant. | B303063<br>(Los Angeles County<br>Super. Ct. Nos. MA073630 and<br>MA076661) |

Appeal from a judgment of the Superior Court of the County of Los Angeles, Charles A. Chung, Judge.  Affirmed.

Linda L. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## FACTUAL BACKGROUND

This appeal involves the convictions of defendant and appellant Jesse Binkier in cases in 2018 (MA073630) and 2019 (MA076661).

On June 29, 2019, a Los Angeles County Sheriff's Department (LASD) deputy sheriff saw appellant drive, park and walk away from a gray Honda Civic without a front license plate in the parking lot of an Auto Zone liquor store. When the deputy asked appellant about the missing license plate, appellant said the car was borrowed and began backing away. Suspecting the car was stolen, the deputy ordered appellant to place his hands on the Honda's trunk. After appellant instead put his hands in his pockets, the deputy drew and pointed his weapon at appellant and told him to lie down. Appellant ran off and ultimately was detained after a second deputy intervened.

The Honda's steering column and ignition switch were dismantled (so the engine could be started without a key). A passenger in the patrol car saw appellant drop a key beside the Honda. Numerous keys and tools which the deputy believed were tools used for burglary were recovered from the car. A firearm, ammunition, machete and a license plate that did not match the Honda's VIN number were recovered from the trunk. The car contained documents bearing the names of three people, including Irwen Atrero. No fingerprint or DNA evidence was collected.

Irwen Atrero testified at trial that, on June 24, 2019, he reported to LASD that his silver 2000 Honda Civic, which he had parked in his driveway the day before, had been stolen. After the vehicle was recovered, Atrero informed LASD that, other than insurance information, none of the items found in the car were his.

2

In a prior uncharged incident on April 8, 2018, Jose Briceno filed a police report stating that his 1989 Honda, which he had parked one morning in a commuter lot, was gone when he returned that day. Briceno's car was recovered a few weeks later.

On April 15, 2018, the advanced license plate reading system in a patrol car alerted the detective in the car that a stolen vehicle had driven by. The detective conducted a traffic stop and detained appellant, who was driving the car. Numerous keys were recovered from a duffel bag and from appellant's pocket. Appellant's trial counsel stipulated that, in August 2018, appellant was convicted of driving or taking a vehicle without consent. (Veh. Code, § 10851, subd. (a) (in case No. MA073630).

At trial in case No. MA076661, appellant testified that he buys and sells cars. He responds to a seller's post, then looks at the car to decide whether to buy or trade for it or to negotiate. Appellant testified that, in the 2018 case (MA073630), he was detained by LASD shortly after purchasing the car from someone at a commuter lot for $400 and was convicted of receiving a stolen vehicle. Appellant has prior convictions for burglary and domestic violence.

Appellant testified that he had not been inside the Honda on June 29, 2019, but only in the parking lot. His wife had driven him to the Auto Zone lot to meet "Chris." The deputy had been waiting in a patrol vehicle. Appellant got out of his wife's truck when he saw Chris. He had purchased cars from Chris twice before and, as far as he knew, there had been no problem with ownership of or title to those cars. The deputy confronted appellant as he passed the Honda and asked if the car was his; appellant denied that it was. The deputy said he believed the car was appellant's and pulled a gun on him. Appellant panicked, kept walking and was later

3

stopped. None of the items recovered from the car were his and he never punched out the car's ignition. In the incident in 2018, appellant had purchased the car. As for the June 2019 incident, appellant never saw the car before the day of the incident and never bought a car in which the ignition had been punched out. In 2014, appellant was convicted of corporal injury to a spouse or cohabitant and in 2016, he was convicted of first-degree residential burglary.

## PROCEDURAL BACKGROUND

As to case No. MA073630, in June 2018, appellant was charged with driving or taking a vehicle without consent (count 2), possession of a firearm by a felon with priors (count 3), unlawful possession of ammunition (count 4), cruelty to a child by endangering health (count 5), and possession of controlled substances while armed with a firearm (count 6). (Veh. Code, § 10851, subd. (a); Pen. Code,[1] § 29800, subd. (a)(1); § 30305, subd. (a)(1); § 273a, subd. (b); Health & Saf. Code, § 11370.1.) A prior conviction for burglary (§ 459) was alleged as a prior strike as to counts 1, 2, 3 and 4. (§ 667, subds. (b)–(j); § 1170.12.) It was also alleged that appellant had served two prior prison terms. (§ 667.5, subd. (b).) Appellant entered a plea that included, for sentencing purposes, striking the strike prior and a one-third mid-term consecutive sentence on count 2. He entered an open plea of nolo contendere to counts 2, 3 and 6, and was ordered to complete substance abuse and residential treatment programs. In November 2019, the matter was referred for probation and sentencing, and ordered to trail the jury trial in case No. MA076661. In December 2019, the court found appellant in violation of the terms of the prior trial court order.

---

[1]     Undesignated statutory references are to the Penal Code.

In August 2019, in case No. MA076661, appellant was charged with driving or taking a vehicle without consent (count 1), and two counts of misdemeanor resisting, delaying or obstructing a peace officer (counts 2 & 3). (Veh. Code, § 10851, subd. (a); § 148, subd. (a)(1).) A prior burglary conviction (§ 459) was alleged as a strike as to count 1. (§§ 667, subds. (b)–(j); 1170.12.) It was also alleged that appellant had served two prior prison terms. (§ 667.5, subd. (b).) In November 2019, a jury found appellant guilty on all counts. As to both cases, appellant received a total sentence of eight years and eight months. Appellant timely appealed, and we appointed counsel to represent him.

On September 18, 2020, appellate counsel filed a brief raising no issues and asking this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We informed appellant he had 30 days within which to personally submit a brief raising any contentions or arguments he wished this court to consider. Appellant filed timely a supplemental brief raising numerous arguments, the gist of which are that (1) he is innocent of the 2019 crimes, (2) evidence of his mental health and hearing problems, as well as potentially exculpatory forensic and eyewitness evidence was not obtained and/or introduced at trial, and (3) he was unduly prejudiced by the manner in which his priors were introduced at trial.

In addition to reviewing the issues appellant raised in his supplemental brief, we have independently reviewed the entire record. We are satisfied no arguable issues exist and that appellant has, by virtue of his counsel's compliance with the *Wende* procedure and our record review, received an adequate and effective appellate review of the judgment. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *Wende, supra*, 25 Cal.3d at p. 443.)

5

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, Acting P. J.

We concur:

COLLINS, J.

CURREY, J.